## Baroutsis v. Gregory

John J. Bower, for petitioner.
Ellis L. Orvis, and M. W. Gettig, for respondent.

FLEMING, P. J., April 12, 1934.—This matter is before us upon a sheriff's rule to show cause why he should not be furnished a bond of indemnity by the plaintiff, to indemnify him in connection with the execution of a writ of habere facias possessionem.

The plaintiff and the defendant are owners of adjoining business buildings in the Borough of State College. Plaintiff, contending that defendant's building encroached upon his land, brought his action in ejectment to the above number and term. At the trial a verdict was directed for the plaintiff, which verdict was not disturbed upon a review of its actions, after argument, by this court. No appeal was taken.

It is contended by the sheriff that defendant's building is supported in the walls of plaintiff's structure, and that the execution of the writ will result in

the collapse of defendant's entire building. As much as we would regret such a happening, we do not see how any consideration of defendant's probable loss can defeat the right of the plaintiff to have and enjoy that which has been definitely adjudicated to be his. It is defendant's duty, having ample notice of the determination of the ejectment, to anticipate that which is now sought to be had, to wit, a delivery of possession under the proper and unappealed adjudication of this court, and to provide proper support and protection for his property.

It is pointed out that this matter has been definitely and finally adjudicated after defendant has had his day in court. It differs vastly from proceedings where sheriffs and other executing officers are entitled to require indemnity bonds in cases of distress, interpleaders, and the like. Such are ex parte in nature and disputed claims not decided. Here the writ is the final step in an action to obtain plaintiff's land. The judgment entered is definite and final. The writ is regular, and it is but the performance of the sheriff's sworn duty to execute it and he is not entitled to indemnity of any sort.

And now, April 12, 1934, the rule is discharged at the cost of the sheriff.